```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/5/2022
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

AMERICAN EXCHANGE TIME LLC,

                Plaintiff,

   - against -

TISSOT S.A.,

                Defendant.

**17 CV 4737 (VM)**

**ORDER**

---

**VICTOR MARRERO, United States District Judge.**

### I.  BACKGROUND

On June 22, 2017, Plaintiff American Exchange Time LLC ("American Exchange") filed this action against defendant Tissot S.A. ("Tissot") pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment under 15 U.S.C. § 1051 that its trademark was not confusingly similar to Tissot's trademark. American Exchange also sought an award of attorneys' fees and costs.

On August 23, 2019, the Court entered default judgment in favor of American Exchange and referred American Exchange's Motion for Attorneys' Fees and Costs (the "Motion," see Dkt. No. 78) to Magistrate Judge Ona T. Wang for a report and recommendation. On November 3, 2022, Magistrate Judge Wang issued a Report and Recommendation (the "Report," see Dkt. No. 86), a copy of which is attached and

incorporated herein, recommending that the Motion be granted.

As of the date of this Order, no objections to the Report have been filed, nor has any request been made for an extension of time to object. For the reasons stated below, the Court adopts the recommendations of the Report in their entirety.

## II. STANDARD OF REVIEW

A district court evaluating a magistrate judge's report may adopt those portions of the report to which no "specific written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(b); see also Thomas v. Arn, 474 U.S. 140, 149 (1985); Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The Court is not required to review any portion of a magistrate judge's report that is not the subject of an objection. See Thomas, 474 U.S. at 149. A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the magistrate judge. See Fed. R. Civ. P. 72(b).

## III. DISCUSSION

Upon a review of the full factual record in this litigation, including the papers submitted in connection with the underlying motion and in this proceeding, as well as the

Report and applicable legal authorities, the Court reaches the same conclusions as Magistrate Judge Wang. The Court further concludes that the findings, reasoning, and legal support for the recommendations made in Report are not clearly erroneous or contrary to law and are thus warranted. Accordingly, for substantially the reasons set forth in Magistrate Judge Wang's Report, the Court adopts in their entirety the Report's factual and legal analyses and determinations, as well as its substantive recommendations, as the Court's ruling on American Exchange's Motion.

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Ona T. Wang dated November 3, 2022 (Dkt. No. 86) is adopted in its entirety. It is further

**ORDERED** that Plaintiff's motion for attorneys' fees (Dkt. No. 78) is **GRANTED;** and it is further

**ORDERED** that this action is dismissed. Accordingly, the Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**

Dated:   5 December 2022
         New York, New York

_____
Victor Marrero
U.S.D.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
AMERICAN EXCHANGE TIME LLC,             :
:
                Plaintiff,            :    17-CV-4737 (VM) (OTW)
:
      -against-                   :    **REPORT & RECOMMENDATION**
:
TISSOT S.A.,                            :
:
                Defendant.            :
:
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**To the Honorable Victor Marrero, United States District Judge:**

Plaintiff American Exchange Time LLC ("Plaintiff") brought this action pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment under 15 U.S.C. § 1051 (the "Lanham Act") that its trademark was not confusingly similar to Defendant Tissot S.A.'s ("Defendant") trademark. (ECF 16, Amended Complaint ¶ 1,) ("Am. Compl."). On August 23, 2019, the Honorable Victor Marrero entered default judgment in favor of Plaintiff and referred Plaintiff's motion for attorneys' fees and costs to me for a report and recommendation. (ECF 71). After a careful review of the submissions in this case, I recommend that Plaintiff's motion for attorneys' fees be **GRANTED**, and that Plaintiff be awarded **$95,746.50**[1] in attorneys' fees occasioned by Defendant's sanctionable conduct in this litigation.

---

[1] This amount is reduced from Plaintiff's requested amount of $96,446.50, for reasons explained *infra*, Section II.C.

I. **BACKGROUND**

Plaintiff is a watch company based in the United States. (Am. Compl. ¶ 7). Defendant is a watch company based in Switzerland. (Am. Compl. ¶ 17). On or about May 29, 2012, Plaintiff filed an application for the trademark "itouch" in International Class 14 in connection with "Jewelry and watches" (U.S. Trademark Serial No. 85637640) (the "AE Mark"). (Am. Compl. ¶ 16). Plaintiff had been utilizing the AE Mark in commerce since December 1, 2009. (Am. Compl. ¶ 8). On or about March 27, 2013, Defendant filed a Notice of Opposition against the AE Mark asserting that it was confusingly similar to Defendant's trademark "T-TOUCH" in connection with "Horological and chronometric instruments" (U.S. Trademark Registration No. 3653565) (the "Tissot Mark").  (Am. Compl. ¶ 29).

Plaintiff subsequently filed the instant action on June 22, 2017, seeking (i) a declaration that the AE Mark is not confusingly similar to the Tissot Mark; (ii) a declaration that AE, in using the AE Mark, had not engaged in any acts of registered or unregistered trademark infringement, false designation of origin, common law unfair competition, or common law trademark infringement, under Federal or State Law; and (iii) an award of Plaintiff's attorneys' fees and all costs. (Am. Compl. ¶¶ 42-44).

The parties began settlement discussions in January 2018. (Declaration of Aaron J. Solomon, Esq., dated July 15, 2021, ¶ 7) ("Solomon Decl."). On August 20, 2018, Plaintiff sent Defendant a draft settlement agreement. (Solomon Decl. ¶ 7). Despite Plaintiff's myriad attempts to obtain responsive comments from Defendant to this settlement agreement, Defendant did not provide a fulsome response for several months. (Solomon Decl. ¶ 9). In order to save time and relying on Defendant's good faith representations that the settlement

2

structure Plaintiff proposed would likely be approved, Plaintiff filed a new trademark application in accordance with the terms of the proposed settlement agreement. (Solomon Decl. ¶ 11). Defendant finally sent its comments to the settlement agreement on February 20, 2019, six months after it received Plaintiff's draft and only after it was ordered to do so by this Court. (Solomon Decl. ¶ 12). These comments included a representation from Defendant that it would agree to not interfere with Plaintiff's new trademark application. (Solomon Decl. ¶ 14).

On April 11, 2019, approximately two months after Defendant made the above representation, the United States Patent and Trademark Office ("USPTO") suspended Plaintiff's newest trademark application because Defendant's affiliate, Swatch A.G., had already filed an application for the exact same mark, in contravention of the settlement language that Defendant had earlier accepted. (Solomon Decl. ¶ 15-16). After Plaintiff attempted to meet and confer to resolve this new dispute without Court intervention, Defendant requested a conference with the Court, scheduled for July 9, 2019. (ECF 53, 55).

At the July 9 conference, Defendant did not appear, and counsel did not sit at counsel's table until invited to do so by the Court. (ECF 69 at 2). At that time, counsel informed the Court that he had been instructed by his client to default, and was appearing only as an "observer." (ECF 69 at 2). After considerable questioning by the Court, counsel for Defendant admitted that his client had instructed him not to take any action in this case, including filing a motion to withdraw as counsel. (ECF 69 at 8). Following the conference, the Court ordered Defendant to show cause why sanctions should not be imposed for violating a Court order to appear and for not participating in settlement discussions in good faith. (ECF 56). Defendant subsequently utilized its same counsel to file an opposition to the Court's order to show cause. (ECF Nos. 62-

3

63). Plaintiff then filed a declaration in reply seeking sanctions. (ECF 68). On August 23, 2019, Judge Marrero granted a default judgment against Defendant and referred the question of sanctions and attorneys' fees to this Court. (ECF No. 71).

Plaintiff filed its motion for attorneys' fees on July 16, 2021, arguing that it is entitled to attorneys' fees under both Fed. R. Civ. P. 16(f) and under 15 U.S.C. § 1117(a). (ECF 79). Defendant has not filed an opposition, or made any other communication with the Court since its counsel informed the Court of default on July 9, 2021.

## II. DISCUSSION

### A. Attorneys' Fees Under Rule 16

Fed. R. Civ. P. 16(f)(1) authorizes a court to impose sanctions on parties for: (i) failing to appear at a scheduling or other pretrial conference; (ii) failing to participate in the conference in good faith; or (iii) failing to obey a scheduling or other pretrial order. *See Martinez v. New York City Health and Hosps. Corp.*, 15-CV-515 (ALC) (GWG), 2017 WL 6729296, at *3 (S.D.N.Y. Dec. 28, 2017) (quoting Fed. R. Civ. P. 16(f)(1)). Rule 16(f)(2) states that in addition to any other sanction imposed, the Court must order the non-complying party, its attorney, or both to pay the reasonable expenses, including attorneys' fees, incurred as a result of non-compliance. Fed. R. Civ. P. 16(f)(2). Sanctions may be awarded under Rule 16(f) without a finding of bad faith. *Mahoney v. Yamaha Motor Corp.*, 290 F.R.D. 363, 366–67 (quoting Fed. R. Civ. P. 16(f)(1)) (citing Wright, Miller, Kane & Marcus, § 1531). "The decision to impose sanctions 'is committed to the sound discretion of the district court and may not be reversed absent an abuse of discretion.'" *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 37 (S.D.N.Y. 2014) (quoting *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990)).

Courts regularly impose sanctions when a party fails to appear for a scheduled conference before the Court. *See Del Rio v. 257 SG Pizza Corp.*, No. 19-CV-3426 (OTW), 2021 WL 1907413, at *2 (S.D.N.Y. Apr. 6, 2021) (awarding attorneys' fees under Rule 16(f) against party that was absent at court conference and who provided no substantial justification for its failure to appear); *Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011) (awarding Rule 16(f) sanctions for various misconduct, including failing to appear at a scheduled conference); *Durant v. Traditional Invs., Ltd.*, No. 88-CV-9048 (PKL), 1992 WL 51557, at *7-9 (S.D.N.Y. Mar. 12, 1992) (imposing Rule 16(f) sanctions for party's failure to appear at a scheduled conference, where attorney present at the conference on behalf of the party indicated that he had not been retained as counsel). Defendant failed to appear in any respect for the July 9, 2019 conference, despite it being scheduled more than a month in advance and at Defendant's own request. (ECF 55). Indeed, the Court stated at the conference that "failure to appear is violation of a court order which I take very seriously." (ECF 69 at 3).

Sanctions are also warranted where a party does not participate in a Court conference or in settlement negotiations in good faith. Fed. R. Civ. P. 16(f)(1)(B). At the July 9 conference, Defendant explicitly instructed its counsel to inform the Court that Defendant would be in default, and in fact instructed its counsel to not formally appear at the conference, while at the same time putting counsel in a difficult position by also instructing them <u>not</u> to file a motion for withdrawal. (ECF 69 at 3, 8). Defendant's conduct therefore frustrated the entire purpose of a conference that Defendant itself had requested (*see* ECF 53 at 2), wasting both the Court and Plaintiff's time and resources. This conduct came at the heels of nearly a year's worth of settlement discussions, and after Plaintiff had made a final settlement offer that generated no

5

response from either Defendant or its counsel. (ECF 56 at 2). Defendant's failure to participate in the Court's scheduled conference and its failure to meaningfully engage in settlement discussions is sanctionable. *Grenion v. Farmers Ins. Exch.*, No. 12-CV-3219 (JS) (GRB), 2014 WL 1284635, at *7 (E.D.N.Y. Mar. 14, 2014) (finding offending party, rather than its outside counsel, responsible for frustrating settlement and awarding sanctions under Rule 16(f)(2)); *Hamilton Int'l Ltd. v. Vortic LLC*, No. 17-CV-5575 (AJN) (OTW), 2018 WL 5292128, at *3 (S.D.N.Y. Oct. 25, 2018) (awarding fees and costs under Rule 16(f) where party determined on its own, without disclosure to the Court or opposing counsel, that party's counsel did not have to appear for conference). Accordingly, I recommend that Defendant should pay Plaintiff's attorneys' fees under Rule 16(f)(2).

### B. Attorneys' Fees Under 15 U.S.C. § 1117(a)

Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 to establish its rights under the Lanham Act. (Am. Compl. ¶ 4). That statute authorizes courts to award reasonable attorney fees to the prevailing party in "exceptional cases." 15 U.S.C.A. § 1117(a). In addition to sanctions under Fed. R. Civ. P. 16(f), Plaintiff asserts that it is independently entitled to recover its attorneys' fees under the Lanham Act. The Court therefore examines whether Plaintiff is a prevailing party under the Lanham Act, and if so, whether the instant action is an "exceptional case" within the meaning of that statute.

Plaintiff has successfully obtained a declaratory judgment of non-infringement under the Lanham Act, and has done so as a result of Defendant's default. (ECF 71). Plaintiff is accordingly a prevailing party within the meaning of the Lanham Act. *Antetokounmpo v. Costantino*, No. 21-CV-2198 (JMF) (JLC), 2021 WL 5916512, at *7 (S.D.N.Y. Dec. 15, 2021), *report*

*and recommendation adopted sub nom. Antetokounmpo v. Constantino*, No. 21-CV-2198 (JMF), 2022 WL 36232 (S.D.N.Y. Jan. 4, 2022) (awarding Lanham Act damages to plaintiff as the prevailing party where court had granted default judgment against defendants); *Cap. One Fin. Corp. v. Cap. One Certified Inc.*, No. 18-CV-580 (ARR) (RML), 2019 WL 1299266, at *7 (E.D.N.Y. Mar. 5, 2019), *report and recommendation adopted*, No. 18-CV-580 (ARR) (RML), 2019 WL 1299661 (E.D.N.Y. Mar. 21, 2019) (finding that plaintiff had established itself as prevailing party for purposes of Lanham Act where defendant had defaulted).

In order to examine whether a case is "exceptional" under the Lanham Act, the Court must follow the rubric set forth under *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014). *See Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 529-31 (2d Cir. 2018); *4 Pillar Dynasty LLC v. N.Y. & CO.*, 933 F.3d 202, 215 (2d. Cir. 2019)*.* An "exceptional case" under *Octane Fitness* is one that stands out from others with respect to (i) the substantive strength of the party's litigating position, or (ii) the unreasonable manner in which the case was litigated. *4 Pillar Dynasty LLC*, 933 F.3d at 215. *Octane Fitness* gives courts "wide latitude" to engage in a "case-by-case exercise of their discretion, considering the totality of the circumstances," including factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence*." 4 Pillar Dynasty LLC*, 933 F.3d at 215 (quoting *Octane Fitness*, 572 U.S. at 554 n.6). "As in the comparable context of the Copyright Act, there is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised . . ." *Octane Fitness, LLC*, 572 U.S. at 554 (internal citations and quotations omitted).

7

The record contains ample evidence of the unreasonable manner in which the case was litigated, establishing it as an exceptional case under the Lanham Act. The "unreasonable manner" of litigation was almost exclusively the province of Defendant. Specifically:

- Defendant filed an opposition to Plaintiff's trademark application, forcing Plaintiff to commence the instant action seeking declaratory judgments of non-infringement (ECF 39, Defendant's Answer to Amended Complaint ¶¶ 1-2 ("Answer");

- Appearing in the action and then opposing Plaintiff's request for a declaratory judgment (Answer ¶ 22);

- Asking the Court for a conference, directing its counsel to attend the conference as an "observer" instead of formally appearing, and then intentionally declaring default (ECF 69 at 2-8);

- Filing a new trademark application that led to Plaintiff's other application being suspended, after nearly a year of settlement discussions between the parties. (ECF 69 at 2).

There is no question that Defendant's conduct has resulted in an enormous waste of the Court's time and resources, and has incurred substantial expense on Plaintiff. The totality of the circumstances in this case evinces exactly the kind of "unreasonable" litigation that justifies an award of attorneys' fees under the *Octane Fitness* test. *See, e.g., Cognex Corp. v. Microscan Sys., Inc.*, No. 13-CV-2027 (JSR), 2014 WL 2989975, at *4 (S.D.N.Y. June 30, 2014) (finding patent case exceptional and awarding attorneys' fees where defendants engaged in "unreasonable litigation tactics that have wasted the Court's time and have required plaintiffs to expend significant resources"); *Venus By Maria Tash, Inc. v. Prinatriam Ltd.,* No. 21-CV-2098 (LGS) (RWL), 2022 WL 4085747, at *6 (S.D.N.Y. Aug. 24, 2022), *report and recommendation adopted,* No. 21-CV-098 (LGS), 2022 WL 5110594 (S.D.N.Y. Oct. 4, 2022) (finding case exceptional in part because defendants "frustrated the litigation process" by failing to appear in the case); *Experience Hendrix, L.L.C. v. Pitsicalis*, No. 17-CV-1927 (PAE) (GWG), 2020 WL 3564485, at *15

8

(S.D.N.Y. July 1, 2020), *report and recommendation adopted sub nom. Experience Hendrix, LLC v. Hendrix*, No. 17-CV-1927 (PAE) (GWG), 2020 WL 4261818 (S.D.N.Y. July 24, 2020) (finding case exceptional and awarding attorneys' fees for defendants' misconduct throughout the litigation, which included disobeying court orders, refusing to participate in discovery, and defaulting).

### C. Calculation of a Reasonable Fee Award

Plaintiff requests an attorneys' fees[2] award of $96,446.50. (ECF 81 at 6). The Court finds that while Plaintiff's fees and hours are generally reasonable, Plaintiff has not provided full information regarding the names and qualifications of each attorney or staff that worked on this matter, and thus recommends that Plaintiff's requested amount be reduced by $700.

Courts determine fee awards through the "lodestar" calculation, which is "the number of hours expended multiplied by a reasonable hourly rate." *Venus By Maria Tash, Inc.*, 2022 WL 4085747 at *6. The Second Circuit has held that the lodestar creates a presumptively reasonable fee. *See Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008). To provide a lodestar calculation, the party seeking an award of attorneys' fees should submit evidence "supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983). Plaintiff has properly submitted this evidence, including a declaration from counsel and contemporaneously-

---

[2] Although Plaintiff styles its application as one for "attorneys' fees <u>and costs</u>" (ECF 81 at 20) (emphasis added), Plaintiff's supporting papers do not specify the costs incurred in the action. (*See* ECF 82-11). Accordingly, the Court takes Plaintiff's supporting papers as evidence of attorneys' fees incurred only and does not address the question of costs.

recorded billing entries for services rendered to Plaintiff after settlement negotiations began between the parties.

Courts consider the reasonableness of an hourly rate by comparing it to the prevailing market rate for attorneys in the district in which the Court sits. *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006). Plaintiff is represented by Oved & Oved LLP ("Oved") and seeks reimbursement of fees for the work of 15 attorneys and staff from that firm. (ECF 82-11). Lead counsel, Terrence A. Oved, is a partner with nearly 30 years of experience. (Solomon Decl. ¶ 33). Mr. Oved billed at an hourly rate of $795/$895 per hour. (*Id.* ¶ 32). Aaron J. Solomon, also a partner, has advised clients in intellectual property and commercial litigation for over 15 years, and billed at an hourly rate of $595 per hour. (*Id.* ¶¶ 32-33). Jacob Imir was formerly a partner at Oved who similarly billed at $545 per hour. (*Id.*). Christopher Rados is an associate at Oved who is an experienced litigator and who billed at $495 per hour. (*Id.*). Ryan MgNagny and Benjamin Ratner were former associates at Oved who billed at $395 per hour. (*Id.*). Jeremy Weinsten is another former associate who billed at $350 per hour. (*Id.*). Judi Swartz is an associate who billed at $295/$395 per hour. (*Id.*). Steven Appelbaum is a former associate who billed at $250/$350 per hour. (*Id.*). Elizabeth Uphaus is an associate who billed at $295/$325 per hour. (*Id.*). Daniel Adessky is a former associate who billed at $250 per hour. (*Id.*). Jennifer Pierce is an associate who billed at $195 per hour. (*Id.*).

The Court finds the above rates requested for Plaintiff's attorneys to be reasonable. The Court has reviewed the qualifications of each attorney for whom such rates are sought, as well as the work they completed in this case, and finds the rates charged appropriate for attorneys of their background and experience. The rates sought here are within the range of those

approved by courts in this district. *See Carrington v. Graden*, No. 18-CV-4609 (KPF), 2020 WL 5758916, at *12-13 (S.D.N.Y. Sept. 28, 2020) (approving hourly fees of $900 and $850 in complex commercial litigation case); *MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*, No. 16-CV-8103 (LGS), 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017) (stating that rates ranging from $569.02 to $753.42 per hour for associates and rates ranging from $874.60 to $1,048.47 were reasonable in complex commercial litigation context); *Serin v. N. Leasing Sys., Inc.*, No. 7:06-CV-1625, 2011 WL 1467560, at *11 (S.D.N.Y. Apr. 19, 2011), *aff'd*, 501 F. App'x 39 (2d Cir. 2012) (holding that it is "inevitable" for more senior attorneys to complete work that would be handled by junior associates at a larger firm).

In order to determine the compensable hours, "the court must examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case." *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 371 (S.D.N.Y. 2005) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)). "In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Gierlinger*, 160 F.3d at 876. Here, Oved's attorneys billed a total of 187.30 hours for work performed between December 14, 2017 and July 15, 2021. (ECF 82-11). The Court has reviewed Plaintiff's supporting records and finds the time spent to be reasonable. The work performed is of the nature and type that would be expected for a trademark infringement case such as this one, including client consultations and briefings; discussions with opposing counsel regarding settlement; drafting and revising the settlement agreement; and researching and moving for court relief under the Lanham Act. Notably, Plaintiff does not seek fees for work

11

performed <u>after</u> the commencement of settlement discussions, underscoring the fact that the request for fees here is minimal compared to the actual time Plaintiff expended on this case.

      While the Court finds the hours and rates of Plaintiff's attorneys reasonable, there are three entries on Plaintiff's supporting records that do not correspond to the list of attorneys that Plaintiff provided to the Court. These three entries are from July 24, 2019, and list work performed by "JR" and "JL," identifiers that do not appear on the list of attorney names in Plaintiff's supporting declaration. (ECF 82-11 at 14). Because Plaintiff has not provided the names, qualifications, or hourly rates of these individuals, the Court cannot determine if the fees listed in their billing records are reasonable. In such cases, courts in this district apply a single, blended rate to legal work. *Joe Hand Promotions, Inc. v. Martinez,* No. 07-CV-6907, 2008 WL 4619855, at *7 (S.D.N.Y. Oct. 17, 2008) (noting that "[w]hen more than one attorney and/or other staff members such as paralegals renders legal services for the same case, the court can use a single blended hourly rate or separate rates for the contributions of each of the legal practitioners their staff members"); *Jackson Hewitt Inc. v. Excellent Pro. Servs. LLC*, No. 08-CV-5237 (JG) (RER), 2010 WL 5665033, at *4 (E.D.N.Y. Nov. 8, 2010), *report and recommendation adopted*, No. 08-CV-5237 (JG) (RER), 2011 WL 317969 (E.D.N.Y. Jan. 31, 2011) (applying blended rate of $350 for partners and $225 for associates where application did not provide names of all attorneys who worked on the case, in light of prevailing rates in the Eastern District); *Suchodolski Assocs., Inc. v. Cardell Fin. Corp.*, No. 03-CV-4148, 2008 WL 5539688, at *3 (S.D.N.Y. Dec. 18, 2008) (applying blended rate of $300 to fee request for partners and associates where movant "failed to provide information regarding the experience levels of the attorneys who worked on the case"). The Court finds that a blended rate of $300 is appropriate to attach to

the work of "JR" and "JL," Oved staff whose names and qualifications were not provided to the Court.[3] Accordingly, the dollar amounts on their respective entries are reduced to $690, $150, and $180. *See Streamlight, Inc. v. Gindi*, No. 18-CV-987 (NG), 2019 WL 6733022, at *19 (E.D.N.Y. Oct. 1, 2019), *report and recommendation adopted*, No. 18-CV-987 (NG) (RLM), 2019 WL 6726152 (E.D.N.Y. Dec. 11, 2019) (rejecting hourly rates of $725 and $650 where plaintiff failed to submit adequate description of attorneys' experience and qualifications). In light of the above, the Court recommends that Plaintiff's request for attorneys' fees be granted, but reduced from Plaintiff's requested amount of $96,446.50 to $95,746.50.

## III.  CONCLUSION

For the foregoing reasons, I recommend that the Court **GRANT** Plaintiff's request for attorneys' fees from Defendant in the amount of **$95,746.50.**

## IV.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (including weekends and holidays) from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable

---

[3] An hourly rate of $300 is within the range that Courts find reasonable for law firm associates in cases such as the one at bar. *See, e.g., Travel Leaders Grp., LLC v. Corley*, No. 19-CV-1595 (GBD) (JLC), 2019 WL 6647319, at *16 (S.D.N.Y. Dec. 5, 2019), *report and recommendation adopted*, No. 19-CV-1595 (GBD) (JLC), 2022 WL 950957 (S.D.N.Y. Mar. 30, 2022) (determining that rates of $375 and $300 were reasonable for associates in intellectual property cases and noting that courts in this district have awarded between $200–$450 to associates in similar cases); *Genger v. Genger*, No. 14-CV-5683 (KBF), 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015) ("New York district courts have … recently approved rates for law firm associates in the range of $200 to $450 per hour.").

Victor Marrero, United States District Judge. Any requests for an extension of time for filing objections must be directed to Judge Marrero.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

**SO ORDERED.**

|  |  |
|---|---|
| Dated: New York, New York<br>November 3, 2022 | *s/ Ona T. Wang*<br>**Ona T. Wang**<br>United States Magistrate Judge |